UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT AND JAMIE ANDERSEN,**

    **Plaintiffs,**

vs.                          State Court Case No.: 2025 CA 006277 O
                             Federal Court Case No.:_____

**LIBERTY MUTUAL FIRE
INSURANCE COMPANY,**

    **Defendant.**

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY (hereinafter "Liberty Mutual"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, files this Notice of Removal ("Notice") of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal states:

**INTRODUCTION**

1. The Plaintiffs, Robert and Jamie Andersen, served this breach of contract and declaratory relief action on Liberty Mutual on July 15, 2025 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The Plaintiffs allege that Liberty Mutual breached the Policy by refusing to acknowledge coverage for the loss and/or acknowledge that payment of

1

insurance proceeds for the loss will be forthcoming and/or issue payment in full for the loss to the Plaintiffs. *See* Plaintiffs' Complaint, ¶ 13, a copy of which is contained within the State Court file attached as Exhibit "1."

2. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This breach of contract action could have been filed in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as Exhibit "1."

## DIVERSITY OF CITIZENSHIP EXISTS

4. The Plaintiffs, Robert and Jamie Andersen, are now and were at the time of the filing of the Complaint, citizens of the State of Florida. *See* Plaintiffs' Complaint, ¶ 2. *See also* Orange County Property Appraiser records evidencing Plaintiff's homestead status attached as Exhibit "2."

5. Liberty Mutual is now and was at the time of the filing of the Complaint, a Wisconsin corporation, with its principal place of business in Boston, Massachusetts. Thus, Liberty Mutual is a citizen of Wisconsin and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

6. Plaintiffs' Complaint seeks damages "greater than Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees." *See* Plaintiffs' Complaint, ¶ 1.

7. Plaintiffs' Complaint states that they have attached an estimate for the work to be performed as Exhibit "A." *See* Plaintiffs' Complaint, ¶ 4.

8. Attached as Exhibit "A" is an estimate prepared by Lifeline Public Adjusters totaling $193,623.26 and two mitigation estimates prepared by Baez Restoration LLC totaling $6,608.22. *See* Plaintiffs' Complaint, Exhibit "A."

11. Liberty Mutual extended partial coverage and prepared an estimate in the amount of $2,687.03. *See* Plaintiffs' Complaint, Exhibit "C."

12. Therefore, the net amount in controversy in this matter exceeds this Court's jurisdictional threshold of $75,000.00. *See* 28 U.S.C. § 1332(a).

## REMOVAL IS OTHERWISE PROPER

13. Liberty Mutual was served with Plaintiffs' Complaint on July 15, 2025.

14. 28 U.S.C. § 1446(b)(1) states "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of

summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

15. This Notice has been filed within 30 days of service and therefore is timely pursuant to 28 U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(b)(3), and 28 U.S.C. § 1446(c)(1).

16. Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court of the Ninth Judicial Circuit in and for Orange County is located within this District and Division.

17. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' Counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Orange County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit "3."

WHEREFORE, the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of Orange County, Florida to this Court.

    Respectfully submitted,

    */s/ Kathryn A. Keller, Esquire*
    KATHRYN A. KELLER, ESQUIRE
    Fla. Bar No. 0123857
    kkeller@tlsslaw.com
    **Trial Counsel**

        Traub Lieberman Straus & Shrewsberry, LLP
        55 First Street South
        St. Petersburg, Florida 33701
        (727) 898-8100 - Telephone
        (727) 895-4838 - Facsimile
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal on *August 4, 2025*, with copies provided to Randy E. Lambert, Esquire with Kuhn Raslavich, P.A. at 986 Douglas Avenue, Suite 102, Altamonte Springs, FL 32714 at randy@thekrfirm.com & service2@thekrfrim.com.

        */s/ Kathryn A. Keller, Esquire*
        KATHRYN A. KELLER, ESQUIRE
        Fla. Bar No. 0123857